Argued and submitted January 16, remanded April 21, 1980

In the Matter of the Compensation of
VAN CLEAVE,
*Respondent,*
*v.*
KEMPER INSURANCE COMPANIES
(AMERICAN MOTORISTS
INSURANCE COMPANY),
*Petitioner.*

(No. 78-1252, CA 14938)

609 P2d 906

Noreen K. Saltveit, Portland, filed the brief for petitioner.

Robert K. Udziela, Portland, argued the cause for respondent. On the brief were Pozzi, Wilson, Atchison, Kahn & O'Leary, and M. Elliott Lynn, Portland.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

JOSEPH, P.J.

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

In this workers' compensation case, the issue is whether the claim was compensable. The referee found that it was; the Board affirmed without opinion. The carrier appeals.

Claimant began working as a laborer for Ingleheart Operations in 1975. On March 5, 1976, he suffered an injury to his left wrist while in the course of his work unloading wheat from rail cars. He received medical benefits on his claim for that injury, and the claim was closed. The doctors' diagnoses of his injury then were varied, but all suspected an injury to the lunate carpal bone; the X-rays were not conclusive. His symptoms included swelling and some soreness in active motion of his wrist. One doctor concluded:

"There is some irregularity involving the lunate carpal bone with some radiolucency present as well as some increased bone density. This is consistent with an injury of some duration. There is some suggestion that early aseptic necrosis may be taking place. This would be consistent with early change for Kienbock's disease.

"IMPRESSION: 1) SUSPECT INJURY OF SOME DURATION, LUNATE BONE.

2) ASSOCIATED CHANGES CONSISTENT WITH EARLY APPEARANCE FOR KIENBOCK'S DISEASE."

Claimant returned to work shortly after the injury and continued in the same employment with little difficulty, although he may have had some episodes of recurrent pain. On January 23, 1978, claimant had a fight with a co-worker. This matter arises out of that incident, after which claimant had symptoms which were similar to those that followed his 1976 injury; however, he was unable to continue to perform his regular employment.

After the fight claimant filed a compensation claim with his employer. Subsequently his attorney wrote a letter to the carrier, in material part as follows:

"I am writing this letter on behalf of my client, James D. VanCleave, who was injured at work on March 6, 1976, when he fractured his wrist.

"The diagnosis was strained wrist, and he was returned to work. This diagnosis was in error.

"I am writing this letter to reopen Mr. VanCleave's original claim, or in the alternative to file an aggravation claim for Mr. VanCleave. He is presently in need of additional medical care and treatment, and in need of time loss payments.

"Mr. VanCleave has suffered either an aggravation or a temporary exacerbation of his initial injury on January 23, 1978, when a fellow employee threw a barrel at him. Mr. VanCleave is presently unable to work."

In response the carrier wrote to claimant:

"*** Your attorneys advise that you wish to reopen your claim attaching to the initial injury date of March 5, 1976.

"We advise that we have investigated the incident occurring on or about January 23, 1978 *** and *** that you commenced or perpetrated the altercation ***. It is apparent from our investigation that this altercation gave rise to your alleged complaint about being injured *** and alleged aggravation of the arm and wrist injury that you sustained on March 5, 1976 ***.

"Since it is apparent from your attorneys' letter of February 8, 1978 that you are making claim for aggravation *** our investigation reveals that the alleged aggravation was caused by the altercation ***. In other words, our investigation fails to reveal that your alleged aggravation of injury was caused by normal work duties required without an intervening episode of injury ***.

"[Brief review of the course of medical treatment after the March 5, 1976 injury.]

"In essence, we fail to find that you have truly sustained an aggravation of injury affecting either your left wrist or arm or any other part of your body without new incident of trauma that according to our investigation occurred on or about January 23, 1978 when involved in the altercation ***. We do not

[994]

consider the altercation *** as compensable under Oregon Workmans *[sic]* Compensation Law since our investigation reveals that you commenced or perpetrated the incident.

"We therefore respectfully advise that we are denying any and all responsibility for your entire claim *** that is, attaching to your injury date of March 5, 1976 and the alleged injury occurring on or about January 23, 1978 ***."

Claimant then initiated a hearing "concerning the reactivating of my claim which was on the job injury that happened on 3/5/76" by a handwritten note. This was followed by a formal request filed by counsel. When the matter came on for hearing, the substance of the testimony presented and all of the arguments went to the supposed issue whether the altercation arose out of and in the course of the claimant's employment. The referee's opinion and order said, in part,

"Claimant had strained the left wrist area in an industrial injury of March 5, 1976. That claim was accepted as a nondisabling claim. There is some evidence indicating claimant felt his January 23, 1978 incident was an aggravation of his March 5, 1976 incident. However, for my purposes here there is no reason to decide whether or not there was an aggravation.

"The issue, as argued by the parties, is whether or not under this set of circumstances claimant's injury is compensable under the Workers' Compensation Act.

"* * * * *

"After giving consideration to all the evidence, I conclude claimant's injury arose out of and during the course of his employment with General Foods. Claimant's injury had its origin in a risk connected with his employment and flowed from that source as a rational and natural consequence. Therefore, the matter will be remanded to the employer-carrier to accept this workman's claim."

The medical evidence in the record shows that when claimant was first examined after the 1976 injury he was suffering from Kienbock's disease, which is a

progressive degenerative arthritic disease. The evidence is clear that his present disability is a result of the progress of that disease and that the 1978 fight did not produce the symptoms or the disability and was at most merely a happenstance which occasioned the opportunity for definitive diagnosis of the disease.

The issue tendered by the 1978 claim was not decided by the referee, and the only issue decided by him was irrelevant. The only dispute in the medical evidence appears to be whether the 1976 injury caused Kienbock's disease, merely made it symptomatic or aggravated a preexisting condition. It is appropriate that the case be remanded to the referee for the determination of the controlling issue. ORS 656.298(6).

Remanded.